UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN O. GRAHAM,

    Plaintiff,

v.                                        Case No.:  2:24-cv-626-SPC-NPM

SINDI TORRES, GREGORY
HARDENFELDER, BRUCE KYLE
and ERIN HUGHES,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Kevin O. Graham's Complaint (Doc. 1). Graham is a pretrial detainee in Lee County Jail, and he sues four government officials involved in a pending state criminal case under 42 U.S.C. § 1983. The Court must screen the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

    Graham challenges the legality of the searches and arrest that led to the state criminal charges currently pending against him. He also accuses the state judge and prosecutor of conspiring to use unlawfully obtained evidence in the criminal case. Graham seeks punitive damages.

Graham cannot use § 1983 to challenge the pending state criminal case. Federal courts are not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Graham provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine.

Also, Judge Bruce Kyle and Assistant State Attorney Erin Hughes are immune from this suit. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Graham's allegations against Judge Kyle and Hughes relate entirely to their participation in his state criminal proceedings. They are immune from this action.

For these reasons, the Court will dismiss Graham's Complaint for failure to state a claim. The Court would normally grant a plaintiff leave to amend, but amendment would be futile here. If Graham is convicted, he may collaterally challenge any resulting imprisonment by filing a petition for

habeas corpus after exhausting his claims in state court. In the meantime, the proper venue for objections to the pending state criminal charges is the state criminal court.

Accordingly, it is now

**ORDERED:**

This action is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 10, 2024.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record